## WHITE & als. *v.* LANDAFF.

Where a court have jurisdiction of the subject matter of a cause, their proceedings and judgments are valid until reversed or set aside by the proper tribunal.

The Common Pleas have jurisdiction to lay out a highway in a town where the selectmen, upon petition therefor, have neglected or refused to lay the same. And where a petition to the Common Pleas set forth that application had been made to the selectmen of a town to lay a highway within its limits, and that they had neglected to lay the same, and the petition was in proper form, and showed upon its face that the highway prayed for was one that the selectmen had the power to lay, and the petition was referred to the commissioners without objection,—*held*, that the court, having jurisdiction of the subject matter, it was too late to take exception to the jurisdiction after the reference of the petition to the commissioners, unless the defect appeared upon the records and proceedings; and that the court would not then receive evidence *aliunde* to show want of jurisdiction.

After reference, and hearing on a petition for a highway, the report will not be set aside on account of impropriety in procuring a few of the names to the petition.

PETITION for a highway in Landaff, stating that a petition had been presented to the selectmen of that town to lay out said highway, and that they had neglected to lay the same; the petition being in the usual and proper form in such cases.

The petition was filed in the clerk's office on the 14th of February, 1856, and notice of the same duly given. No objection was made to its reference to the commissioners, who proceeded to

a hearing of the same, and made their report at the October term of the Common Pleas, 1856. Upon the return of the report the town objected to the acceptance, and moved that the petition be dismissed.

The exceptions were in substance as follows: Because the highway prayed for was but a part of a more extended highway running into another, town, the whole of which, if any, was required for the public accommodation; and that there was not, when the town refused to lay out the road, any highway with which the proposed one could connect; and therefore that neither the selectmen nor the court had jurisdiction of the case to lay out the road:

Because several of the names attached to the petition were procured by false representations as to its object.

The town proposed to prove by affidavits that at the time the petition was presented to the selectmen there was no highway with which this could connect, and that it was but a part of a more extended highway which was not laid out and not made, running into the town of Benton. They also proposed to prove that their exception in regard to the signatures was true. This exception applied to some ten or twelve of the petitioners, and the petition was signed by about sixty.

It appeared that the town made substantially the same objections before the commissioners, on the sixth day of the hearing, after the evidence was closed.

The Common Pleas overruled the exceptions, and the case was sent to this court.

*Hibbard*, for the town.

The court, its jurisdiction being appellate, can have only the same powers possessed by the selectmen of Landaff at the time of the application to them, and the case must be taken to be now as it was then. And as the town had no jurisdiction over the subject matter, the court has not. *Griffin's Petition*, 7 Foster 343; *State* v. *Canterbury*, 8 Foster 222; *State* v. *Richmond*, 6 Foster 240.

The objection, going to the jurisdiction of the court over the subject matter, is open to be taken at any time, and the facts may be shown in the manner now proposed. *Robbins* v. *Bridgewater*, 6 N. H. 524; *Comm.* v. *Charlestown*, 1 Pick. 179; *Sanborn* v. *Fellows*, 2 Foster 473; *State* v. *Richmond*, 6 Foster 240; *Morse* v. *Presby*, 5 Foster 299; *Griffin's Petition*, 7 Foster 343, and cases cited.

The petition should be dismissed on account of fraud in procuring the signatures specified. The petition is the process of the court and a part of the record; and the act was a fraud not only upon the individuals deceived, but upon the actual signers, the town and the court, and the proceedings are therefore void.

*Morrison*, for the petitioners.

It is too late to take these exceptions. They should have been made on the presentation of the petition to the court. *Stevens* v. *Goffstown*, 1 Foster 445; *Toppan's Petition*, 4 Foster 43; *Kennet's Petition*, do. 141; *Manchester's Petition*, 8 Foster 196.

*Griffin's Case*, 7 Foster, is not in conflict with these cases. The present is not parallel with that case.

As to the second point we say further, that the petition is a public matter, and that it is not in the power of one or two of the petitioners to put an end to the proceedings. The number of the petitioners is not material. So long as a sufficient number of names is left upon the petition the court will not dismiss it.

EASTMAN, J. Where the court have not jurisdiction of the subject matter of a cause upon which they assume to act, all their proceedings are absolutely void. This principle is elementary, and runs through all well considered cases upon the subject. Many of them are collected in *State* v. *Richmond*, 6 Foster 240.

But if the court have jurisdiction, their judgments remain good, notwithstanding irregularities and informalities, until reversed by the proper tribunal. *Smith* v. *Knowlton*, 11 N. H. 191; *Kittredge* v. *Emerson*, 15 N. H. 227; *Hollister* v. *Abbott*, 11 Foster

White *v.* Landaff.

442; *Holmes v. Kennison,* 20 Johns. 268; *Loring* v. *Mansfield,* 17 Mass. 394.

The Court of Common Pleas have power to entertain petitions for the laying out of highways over lands in two or more towns, and also where the selectmen of any single town shall neglect or refuse to lay out a highway prayed for in such town.   Rev. Stat., ch. 50, sec. 1.

Under these provisions and the other sections of the statute relative to the matter, it has been held that selectmen have no authority to lay a highway in their town, where such highway forms but a part of a highway extending into another town, the whole of which, if any, is required for the public accommodation; and that in such case a petition to the Court of Common Pleas, founded on the refusal of the selectmen to lay such part of a highway, cannot be sustained; that the Common Pleas have no jurisdiction of the case.   *Griffin's Petition,* 7 Foster 343.

This rule proceeds upon the ground not that the Common Pleas have not jurisdiction of the subject matter of laying out highways in single towns, under certain circumstances, but that they cannot establish them where the petition has asked the selectmen to lay out a highway which the latter are not authorized to do.   The Common Pleas have the general jurisdiction to lay out highways in all cases where the selectmen decline to act, provided the petitions to the selectmen are for town highways— highways within their own limits.   Upon the presentation therefore of a petition to the Common Pleas for a highway within the limits of a single town, and setting forth that the selectmen have declined to lay the same, unless the petition shows upon its face that it is not for such a highway as represented—as was the case in Griffin's petition—the court have jurisdiction of the application.   It is upon a subject matter over which the statute has given the court jurisdiction, and they have full power, unless something is shown to the contrary, to act in the premises.

The law gives them the jurisdiction, and in order to deprive them of it it must be shown that the statements in the petition are untrue; that there was either no petition presented to the

selectmen, or that it was such as the selectmen could not legally entertain.

The averment in the petition in such cases that it is for a highway within the limits of a single town, and that it has been presented to the selectmen, is material and traversable; and if the town does not appear, on notice, to answer such petition, but makes default; or, appearing, does not take the exception till after reference of the petition and hearing before the commissioners, the allegations of the petition will be taken as conclusively admitted. *Toppan's Petition,* 4 Foster 43; *Kennet's Petition,* do. 141; *Petition of Manchester,* 8 Foster 296.

Such being the well established rule in regard to the effect of a default or failure to object to the petition, it must be held in such cases that whatever the petition shows upon its face will be taken as true; and if it shows jurisdiction in the court of the subject matter, there can be no objection to the court's proceeding with the case.

And after a report has been made upon a reference of a petition, every proper presumption is to be made in favor of the regularity of the prior proceedings; and the court will not depart from the records and papers on file, and go into an examination of extraneous matters going to affect the preliminary proceedings. So long as their records and files show that they have jurisdiction of the subject matter, they will not go beyond them and consider matters that are unseasonably brought into court, and thereby oust themselves of jurisdiction. *Stevens* v. *Goffstown,* 1 Foster 459.

Such being the rules upon this subject, as recognized and established in this State, the disposition of the exceptions taken to the acceptance of this report appears to us plain. There is nothing in the petition going to show that the court had not perfect jurisdiction of the case. The petition was referred to the commissioners without objection, and they have made their report. If the town had intended to object to the jurisdiction of the court, they should have done it before the reference. It is now too late; and the court can not, at this stage of the proceedings,

receive evidence *aliunde,* to contradict their records and oust themselves of jurisdiction.

The exception, on account of impropriety in procuring signatures to the petition, is a matter more particularly between the party charged with the offence and the individuals themselves. This exception also comes at a late day.   Had it been seasonably taken the court might have required security for costs to have been given to the aggrieved parties.   Were all or a majority of the names on the petition of the class named, a different question might be presented.   But there is a large number of names affixed to this petition besides the few who complain.   The petition is a matter of public interest, and does not depend upon the number of names attached to it; and so long as there are genuine signatures affixed, it would seem that it should be entertained. We all think that the exceptions must be overruled and the

*Judgment affirmed.*